UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| SUSAN LEDDY, | Case No. CV 14-0419-DFM |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

Plaintiff Susan Leddy ("Plaintiff") appeals the decision of the Administrative Law Judge ("ALJ") denying her applications for Social Security disability benefits. The Court concludes that substantial evidence supported the finding of the ALJ that Plaintiff's mental impairments, or combination of impairments, were not severe. Therefore, the ALJ's decision is affirmed.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed her applications for benefits on January 15, 2011, alleging disability beginning December 28, 2009. In an unfavorable decision, the ALJ

found that Plaintiff had the medically determinable mental impairments of depressive disorder, attention deficit hyperactivity disorder, and drug dependency, as well as other physical impairments. Administrative Record ("AR") 24. However, the ALJ found that her mental impairments, considered alone and in combination, did not cause more than minimal limitation in her ability to perform basic mental work activities, and therefore were not severe. AR 25. The ALJ concluded that Plaintiff could perform sedentary work with no additional limitations due to her mental impairments. AR 28-30. Based on the testimony of a vocational expert, the ALJ then found that her limitations would allow her to perform her past relevant work as a market-research analyst and a computer operations manager. AR 33. The ALJ therefore concluded Plaintiff was not disabled. AR 35.

## II.

## ISSUE PRESENTED

The parties dispute whether the ALJ erred in assessing no limitations in connection with Plaintiff's combination of mental impairments. <u>See</u> Joint Stipulation ("JS") at 3.

## III.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The ALJ's findings and decision should be upheld if they are free from legal error and are supported by substantial evidence based on the record as a whole. 42 U.S.C. § 405(g); <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971); <u>Parra v. Astrue</u>, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means such relevant evidence as a reasonable person might accept as adequate to support a conclusion. <u>Richardson</u>, 402 U.S. at 401; <u>Lingenfelter v. Astrue</u>, 504 F.3d 1028, 1035 (9th Cir. 2007). It is more than a scintilla, but less than a preponderance.

Lingenfelter, 504 F.3d at 1035 (citing Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006)). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1996). "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. Id. at 720-721.

## IV.

## THE ALJ DID NOT ERR IN FINDING THAT PLAINTIFF HAD NO SEVERE MENTAL IMPAIRMENTS

The ALJ's finding that Plaintiff's mental impairment symptoms would impose no more than minimal limitations on her ability to perform basic work-related activities was supported by substantial evidence.

## A.   Applicable Law

At step two of the sequential evaluation process, the claimant has the burden to show that she has one or more "severe" medically determinable impairments that can be expected to result in death or last for a continuous period of at least 12 months. See Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987) (noting claimant bears burden at step two); Celaya v. Halter, 332 F.3d 1177, 1180 (9th Cir. 2003) (same); 20 C.F.R. §§ 404.1508, 416.908 (defining "physical or mental impairment"), 404.1520(a)(4)(ii), 416.920(a)(4)(ii) (claimants will be found not disabled at step two if they "do not have a severe medically determinable physical or mental impairment that meets the duration requirement"). A medically determinable impairment must be established by signs, symptoms, or laboratory findings; it cannot be established based solely on a claimant's own statement of his symptoms. §§ 404.1508, 416.908; Ukolov v. Barnhart, 420 F.3d 1002, 1004-05 (9th Cir. 2005); SSR 96-4p, 1996 WL

374187, at *1 (July 2, 1996). A "medical sign" is "an anatomical, physiological, or psychological abnormality that can be shown by medically acceptable clinical diagnostic techniques." <u>Ukolov</u>, 420 F.3d at 1005 (quoting SSR 96-4p, 1996 WL 374187, at *1 n.2 (July 2, 1996) (internal quotation marks omitted)); <u>accord</u> 20 C.F.R. §§ 404.1528(b), 416.928(b).

To establish that a medically determinable impairment is "severe," moreover, the claimant must show that it "significantly limits [her] physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1520(c), 416.920(c); <u>accord</u> §§ 404.1521(a), 416.921(a). "An impairment or combination of impairments may be found not severe only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work." <u>Webb v. Barnhart</u>, 433 F.3d 683, 686 (9th Cir. 2005) (internal quotation marks omitted); <u>see also</u> <u>Smolen v. Chater</u>, 80 F.3d 1273, 1290 (9th Cir. 1996) ("[T]he step-two inquiry is a de minimis screening device to dispose of groundless claims."). Applying the applicable standard of review to the requirements of step two, a court must determine whether an ALJ had substantial evidence to find that the medical evidence clearly established that the claimant did not have a medically severe impairment or combination of impairments. <u>Webb</u>, 433 F.3d at 687.

**B.   <u>Analysis</u>**

Although Plaintiff alleged both physical and mental impairments, she challenges only the ALJ's finding that her mental impairments were not severe. <u>See</u> JS at 3-8, 16-20. Plaintiff testified that not being able to do the things she used to do causes her depression, anxiety, and frustration.[1] <u>See</u> JS at 4. She contends that "throughout the record" she was diagnosed with ADHD,

---

[1]   The ALJ found Plaintiff's subjective complaints less than fully credible, a determination Plaintiff does not challenge here. AR 28-33.

4

bipolar disorder, depression, anxiety, and insomnia, and that the culmination of her psychological problems is severe. JS at 6. She contends that her "anxiety alone is considered severe." JS at 6.

Here, the ALJ provided a detailed summary of Plaintiff's impairments, and paid attention to her mental impairments "in particular." AR 24. First, the ALJ noted that Plaintiff's doctors sometimes characterized her mood disorder as bipolar disorder, and considered her symptoms in the context of either a depressive disorder or attention deficit hyperactivity disorder. AR 25, 855, 2268, 3079. The ALJ then considered those impairments alone and in combination with her drug dependency, and concluded that they did not cause more than a minimal limitation on her ability to perform basic mental work. AR 25. In making that finding, the ALJ specifically considered the four broad functional areas as set forth in the regulations for evaluating mental disorders and in § 12.00C of the Listing of Impairments: daily living; social functioning; concentration, persistence or pace; and episodes of decompensation. AR 25 (citing 20 C.F.R., Part 404, Subpart P, Appendix 1) The ALJ relied in part of the State Agency medical consultant, who found no limitations in these areas. AR 25-26, 129, 140-41. The ALJ also discussed how the State Agency assessment was consistent with the medical evidence. AR 26.

For example, regarding Plaintiff's attention deficit disorder, the ALJ noted that Plaintiff reported that she stopped taking her medication to treat this condition, and did not seek more medication until almost a year later. AR 26. This is supported by the record. AR 97-98, 1866. Further, the ALJ noted how Plaintiff's depressive disorder was often in partial remission, AR 26; again, an observation supported by the record, AR 99, 1162, 2398. The ALJ found that her drug dependency was the "most troubling aspect of this case," and noted that the treatment notes showed that at times she had exhibited "quite blatant . . . drug seeking behavior." AR 26, 31. However, the ALJ also noted that her

main issue was "her use (or mis-use) of medications, as the record is replete with references to claimant having taken (or opted not to take) medications contrary to her doctors' orders." AR 31. Ultimately, the ALJ concluded that her drug dependency did not cause any functional limitations, particularly if she complied with her treatment advice. AR 26; see also AR 29. The record also supports this conclusion, either through Plaintiff's admissions during her testimony, AR 87-88, 91, 95, 102, 104; or findings made by Plaintiff's treatment providers, AR 353-54, 363, 380, 1543, 1735, 1920.

The ALJ also discussed Dr. Sunil Roy's three-sentence letter, which said he treated Plaintiff for low back pain and depressive disorder, and concluded that she "can not [sic] engage in any type of employment." AR 30 (citing AR 3124). The ALJ noted that Dr. Roy's "less formal" opinion cited no specific findings or other clinical evidence. Id. Further, the ALJ noted that Dr. Roy's expertise in mental health, if any, was unclear. Id. The ALJ also noted that the Plaintiff's other mental health providers contradicted Dr. Roy's assessment. Id. The ALJ noted, as an example, mental health provider findings that Plaintiff's Global Assessment Functioning ("GAF") scores were often in the 60 to 70 range, which indicates a mild impairment at best.[2] Id. The ALJ's reliance on this finding was reasonable, see Garrison v. Colvin, No. 12-15103, --- F.3d ---, 2014 WL 3397218, at *4 n.4 (9th Cir. July 14, 2014) ("Although GAF scores, standing alone, do not control determinations of whether a person's mental

---

[2]  A GAF score of 61 to 70 indicates either "[s]ome mild symptoms" such as "depressed mood and mild insomnia" or "some difficulty in social, occupational, or school functioning," such as occasional truancy, or theft within the household, "but generally functioning pretty well, has some meaningful interpersonal relationships." See Diagnostic and Statistical Manual of Mental Disorders 34 (4th ed. 1994), available at: https://www.msu.edu/course/sw/840/stocks/pack/axisv.pdf.

impairments rise to the level of a disability . . . , they may be a useful measurement."); and well-supported in the record, <u>see</u> AR 1285, 1314, 1452, 1868, 1922, 2268, 2336, 2398, 2600.

Further, the ALJ concluded that this assessment was consistent with the board-certified consultative psychiatrist's findings, and gave significant weight to that source's determination that the overall record established Plaintiff had no significant mental limitations at all. AR 30 (citing AR 1163). The consultative psychiatrist assessed only "slight impairment" in four of the seven evaluation areas, and no impairment in the remaining three. AR 1163. The psychiatrist also concluded Plaintiff was "of very good intelligence" and that she "has a good prognosis." AR 1163.

Plaintiff's primary complaint is with the ALJ's notation that she was diagnosed with anxiety on December 19, 2010 and November 22, 2011, nearly one year apart. JS at 4-6. The ALJ concluded that the absence of the diagnosis in the interim suggested that it did not persist continuously for 12 consecutive months. AR 25; <u>see</u> 42 U.S.C. § 423(d)(1)(A). Plaintiff points to treatment and progress notes showing Plaintiff experienced anxiety, and contends that "[w]hile the ALJ states there is no twelve-month period of diagnosis of anxiety, the record indicates such a diagnosis made well before the alleged onset date and continues through the record." JS at 6. Even assuming Plaintiff is correct that the ALJ erred, as the Commissioner appears to concede (JS at 12), any error would be harmless. Plaintiff ignores the ALJ's very next sentence following his conclusion that Plaintiff did not meet the 12-month requirement: "Regardless, I consider any symptoms of anxiety in the context of either a depressive disorder or attention deficit hyperactivity disorder." AR 25. As such, the ALJ nevertheless evaluated the functional impact of her anxiety. <u>See</u> <u>Molina v. Astrue</u>, 674 F.3d 1104, 1115 (9th Cir. 2012) ("We have long recognized that harmless error principles apply in the Social Security Act

context.") (citing <u>Stout v. Comm'r, Soc. Sec. Admin.</u>, 454 F.3d 1050, 1054 (9th Cir. 2006)). Moreover, although Plaintiff may have been diagnosed with anxiety, she has not pointed to any record evidence which would demonstrate that this impairment has any effect on her ability to perform basic work activities. <u>See Burch v. Barnhart</u>, 400 F.3d 676, 682-83 (9th Cir. 2005) (rejecting claimant's argument that ALJ erred in not considering obesity because although claimant's medical records established that she was obese, she failed to demonstrate that her obesity limited her functioning or impaired her ability to work in any way); <u>Verduzco v. Apfel</u>, 188 F.3d 1087, 1089 (9th Cir. 1999) ("Although the [claimant] clearly does suffer from diabetes, high blood pressure, and arthritis, there is no evidence to support his claim that those impairments are 'severe.'"); <u>Matthews v. Shalala</u>, 10 F.3d 678, 680 (9th Cir. 1993) ("The mere existence of an impairment is insufficient proof of a disability.").

In sum, the ALJ's finding that the record lacks objective medical evidence to support the alleged severity of Plaintiff's mental impairments is supported by substantial evidence. The ALJ properly weighed the voluminous medical evidence of record in assessing whether Plaintiff's mental health condition was severe. <u>See Sample v. Schweiker</u>, 694 F.2d 639, 642 (9th Cir.1982) (noting it is ALJ's role to resolve conflicting medical reports and opinions); <u>Magallanes v. Bowen</u>, 881 F.2d 747, 750 (9th Cir. 1989) (noting it is ALJ's responsibility to determine credibility and resolve conflicts or ambiguities in the evidence). Accordingly, the ALJ reasonably found that Plaintiff's medically determinable mental impairments were nonsevere. AR 27 (citing 20 C.F.R. §§ 404.1523, 416.923); <u>see Bowen</u>, 482 U.S. at 146 (noting that severity regulation requires showing of "impairment or combination of impairments which significantly limits" "the abilities and aptitudes necessary to do most jobs").

## V.

## CONCLUSION

For the reasons stated above, the decision of the Social Security Commissioner is AFFIRMED and the action is DISMISSED with prejudice.

Dated: August 19, 2014

**DOUGLAS F. McCORMICK**

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge